IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DAVID CARL PHELPS,

                    Plaintiff,

          vs.

SGT. CABIELES, MICHAEL
MEULLER, ROB JEFFERIES, DIANE
SABATKA-RINE, BOYD TAGART,
and CATHY SHEARS,

                    Defendants.

8:24CV188

MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff David Carl Phelps'
Complaint filed on May 28, 2024. Filing No. 1. Plaintiff is currently
incarcerated at the Reception and Treatment Center (RTC) of the Nebraska
Department of Correctional Services (NDCS). The Court now conducts an
initial review of Plaintiff's claims to determine whether summary dismissal is
appropriate under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b).[1]

## I. SUMMARY OF COMPLAINT

Plaintiff has sued Sgt. Cabieles, Michael Meuller, Rob Jefferies,[2] Diane
Sabatka-Rine, Boyd Tagart, and Cathy Shears, all in their official capacities.
Plaintiff has also sued Cabieles in his individual capacity. Filing No. 1 at 2.
Plaintiff alleges the following as his "Statement of Claim":

On February 7, 2024, Plaintiff was working at his sewing job for the RTC
laundry. At approximately 11:00 a.m., Plaintiff was talking to Cabieles and

---

[1] Plaintiff has filed three supplements to the initial complaint, Filing Nos. 9, 12, and 14, all of which
were also considered by the Court for this initial review.
[2] The correct spelling of this defendant's last name is "Jeffreys," and the Court will use the correct
spelling throughout this Memorandum and Order.

Corporal Fisher in the office. Fisher left, and as Plaintiff turned to follow him, Cabieles allegedly stepped behind Plaintiff, grabbed his right butt cheek, and said, "I want to fuck you!" Plaintiff demanded that Cabieles remove his hand and threatened to file a Prison Rape Elimination Act (PREA)[3] complaint. Filing No. 1 at 12-13.

Plaintiff complained to his job supervisor, Meuller, who said "So?" and then did nothing about the complaint. Plaintiff was shaken down by Fisher and left for the day. He spoke to his unit case manager, asked for forms to complete a PREA complaint, and was told he needed to complete a grievance form. No grievance forms were immediately available, so he did not complete one that day. Filing No. 1 at 13.

The following day, February 8, 2024, Plaintiff returned to his sewing job. As he left for lunch, Cabieles shook him down and asked to see what was in Plaintiff's pockets. Plaintiff pulled out a stocking cap and a bag of cappuccino. He was allowed to leave. The next day was a Friday, and Plaintiff did not work that day. Filing No. 1 at 13.

On Monday, February 12, 2024, Plaintiff reported at the turnkey at 8:00 a.m. to begin his job at the laundry. Cabieles then advised Plaintiff that he was not permitted to report for the sewing job due to "[t]hat incident last week." Filing No. 1 at 13. Plaintiff interpreted this to mean the threatened PREA complaint, and he returned to his unit to file a grievance. When he arrived there, a case manager instructed Plaintiff to come to the office to sign papers because Meuller wanted Plaintiff reassigned to a different job. When Plaintiff asked why, the case manager explained that Cabieles was claiming he found "something" during his shakedown of Plaintiff on February 8, 2024. Filing No.

---

[3] 34 U.S.C. § 30301 *et seq.*

1 at 14. Plaintiff filed a grievance, which was denied because a grievance cannot be used to challenge classification decisions. Filing No. 1 at 14-15.

Three days later, on February 15, 2024, Plaintiff had a pass to go to the RTC legal office to pick up legal mail. At approximately 11:30 a.m., he asked for information on how to file a formal PREA complaint. He was told he needed to be interviewed. Plaintiff was escorted to a very cold (45- to 55-degree) holding cell, strip-searched, and placed in the holding cell clothed in only his pants, a thin T-shirt, and his socks. He was told to write down his explanation of what happened. Filing No. 1 at 15.

Plaintiff had a 2:00 p.m. phone call scheduled with his lawyer, but he missed the call because he was left in the holding cell for four hours. He was then escorted to the medical department for an examination. Filing No. 1 at 15, 22. A lieutenant interviewed Plaintiff and concluded Plaintiff had changed his story. Plaintiff disagreed. He was returned to his cell. Filing No. 1 at 15.

Plaintiff submitted an informal grievance on February 22, 2024. Filing No. 1 at 21.

On February 23, 2024, the medical department conferred with Plaintiff to check on his mental state. Plaintiff denied any need for mental health care. Filing No. 1 at 22.

Plaintiff alleges that in retaliation for filing this lawsuit, the NDCS has refused to provide him with any job, and it will not send his emails to family members if the email content mentions what is happening in the prison or this lawsuit. Filing No. 9 at 1; Filing No. 12 at 1-3. Plaintiff's sewing job paid $3.85 per day and was Plaintiff's source of prison trust funds, but now he must rely on his elderly parents for financial help. Filing No. 1 at 12; Filing No. 9 at 1; Filing No. 12 at 1.

On December 19, 2024, Plaintiff was notified by Joshua Russell, the PREA coordinator and investigator, that his PREA complaint was investigated and found to be baseless. Filing No. 12 at 1. Russell asked if Plaintiff was a gang member. Plaintiff replied that he has nothing to do with gang members and left the room. The following day, he received a pass to go to the disciplinary room and then discovered he was written up. The charges were read, he denied them, and he waived his presence at a hearing. At 5:00 p.m., he was notified that a hearing was held, and he was found guilty. He was placed on a 30-day phone restriction as a sanction for his misconduct. Plaintiff asserts this discipline interfered with his ability to access legal help for setting aside his conviction. Filing No. 12 at 1. Plaintiff claims the misconduct charge was based on false information provided by Russell. Filing No. 12 at 2. Plaintiff appealed the finding of guilt on the misconduct charge. Filing No. 12 at 3.

On December 23, 2024, Cabieles asked Plaintiff "How's it going buddy?" and smirked. Plaintiff reported this interaction to Taggart and demanded that Cabieles have no further contact with him. Filing No. 12 at 1.

On April 5, 2025, Plaintiff was placed in a holding cell while the contents of his cell were searched by RTC correctional officers Miller and Campos, with property officer Sanchez also present. Filing No. 14 at 1. Plaintiff had a folder in his cell with legal papers and evidence for this case. After the search was over, the evidence was gone. Plaintiff filed a grievance with no response. Instead, a misconduct charge was filed against him for submitting a false grievance. Filing No. 14 at 1.

Plaintiff claims that despite being the perpetrator, Cabieles is still working with no consequences for his actions. Filing No. 9 at 1. Plaintiff has asked the Nebraska Attorney General to prosecute Cabieles. Filing No. 9 at 1-2. Plaintiff alleges Cabieles violated his constitutional rights and sexually

assaulted him, and then Cabieles defamed Plaintiff and retaliated against him for filing a PREA complaint. Filing No. 1 at 16. Plaintiff claims Jeffreys, Sabatka-Rine, Tagart, and Shears, all of whom hold prison supervisory and management positions, are liable under § 1983 as "accessories after the fact by condoning" Cabieles' actions, and "aiding and abetting" Cabieles' sexual assault against Plaintiff. Filing No. 1 at 16. Plaintiff further alleges that Jeffreys and Sabatka-Rine permit sexual harassment and assault in the prison while claiming to have a no tolerance policy. Filing No. 1 at 17, 20.

Plaintiff asks the Court to add Johnathan Locus, Corporal Roth, and Russell as codefendants. Filing No. 12 at 1. He requests punitive and compensatory damages. Filing No. 1 at 16. He also requests the Court to order the arrest and prosecution of Cabieles on charges of sexual assault. And he asks for appointment of counsel for any hearing or trial in this case. Filing No. 14.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs

5

must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## III. DISCUSSION

Plaintiff seeks recovery under 42 U.S.C. § 1983. To recover under 42 U.S.C. § 1983, Plaintiff must show "the conduct complained of was committed by a person acting under color of state law," and this conduct deprived him of "rights, privileges, or immunities secured by the Constitution or laws of the United States." *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999).

## A. Official Capacity Claims

The defendants are employees of the State of Nebraska, and Plaintiff has sued them all in their official capacities. A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Campbell v. State of Iowa, Third Judicial Dist. Dept. of Corr. Serv.*, 702 F.3d

6

1140, 1141 (8th Cir. 2013) (quoting *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir.1999)). So, Plaintiff's claims against the defendants, in their official capacities, are claims against the State of Nebraska.

States or governmental entities that are considered arms of the state are not suable "persons" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). Suits for money damages against the state or its agencies are barred by the Eleventh Amendment. *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (holding the Eleventh Amendment bars suit against a state agency for any kind of relief); *Nix v. Norman*, 879 F.2d 429, 431-32 (8th Cir. 1989) (holding a suit brought solely against a state or state agency is proscribed by the Eleventh Amendment). And the Eleventh Amendment bars claims for damages by private parties against state employees sued in their official capacities. See *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995); *Novascone v. Neb. Dep't of Corr. Servs.*, No. 8:19CV201, 2019 WL 6307565, at *2 (D. Neb. Nov. 25, 2019) (dismissing section 1983 suit for money damages against the NDCS director, in his official capacity, under Eleventh Amendment); *Reising v. Lewien*, No. 8:18CV352, 2019 WL 1585142, at *3 (D. Neb. Apr. 12, 2019) (holding section 1983 suit for money damages against unit administrator of CCC and OCC warden, in their official capacities, was barred by the Eleventh Amendment).

Therefore, Plaintiff's claims against the defendants, in their official capacities, must be dismissed as barred by the Eleventh Amendment.

## B. Individual Capacity Claims

Plaintiff chose to sue the defendants, other than Cabieles, in their official capacities only, but in the interest of judicial economy, the Court will also

evaluate whether individual capacity claims could be asserted against any of the defendants.

### 1. Claims against Jeffreys, Sabatka-Rine, Tagart, and Shears

Plaintiff has named Jeffreys, Sabatka-Rine, Tagart, and Shears, supervisory personnel for RTC, as defendants. He asserts they did not fire or even discipline Cabieles for committing a sexual assault and are therefore liable as "accessories after the fact" for condoning Cabieles' misconduct.

To prove his civil claims, Plaintiff must present evidence that the actions or inactions of the defendants caused, at least in part, Plaintiff's injuries. The after-the-fact response of Jeffreys, Sabatka-Rine, Tagart, and Shears, or their failure to respond, cannot be considered a cause of Plaintiff's prior sexual assault. *Jackson v. City of Maplewood*, No. 24-cv-1207, 2025 WL 2299393, at *8 (E.D. Mo. Aug. 7, 2025) (collecting cases). Plaintiff has failed to state a claim against Jeffreys, Sabatka-Rine, Tagart, and Shears for failing to fire or discipline Cabieles after he allegedly assaulted Plaintiff.

To state a § 1983 claim, a plaintiff must allege that the defendants were personally involved in or had direct responsibility for incidents that resulted in injury. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). "It is well settled that § 1983 does not impose respondeat superior liability." *Hughes v. Stottlemyre*, 454 F.3d 791, 798 (8th Cir. 2006) (internal quotation marks omitted).

Other than claiming Jeffreys, Sabatka-Rine, Tagart, and Shears should have imposed consequences on Cabieles, Plaintiff has made no allegations against these defendants. He has not alleged facts to support a claim that they were personally involved in the assault or that prior to the alleged sexual assault, they knew or had reason to know that Cabieles posed a risk of sexual assaulting inmates. And Plaintiff has failed to allege facts to show any pattern

or practice of failing to enforce the prison's no tolerance policy regarding sexual harassment and misconduct. *See Dean v. Bearden*, 79 F.4th 986, 989 (8th Cir. 2023) (holding a prison supervisor cannot be found deliberately indifferent to prison sexual assaults unless they occur with sufficient frequency that prisoners reasonably fear for their safety); *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (holding "[t]he general responsibility of a warden for supervising the operation of a prison is not sufficient to establish personal liability" in a civil rights action); *cf. Williams v. Prudden*, 67 F. App'x 976 (8th Cir. 2003) (reversing dismissal of a § 1983 claim against a prison officer's supervisors where the officer allegedly sexually assaulted the plaintiff and the plaintiff alleged facts showing the supervisors were aware of the officer's prior assaults but failed to take corrective action).

Plaintiff's complaint fails to state a claim against Jeffreys, Sabatka-Rine, Tagart, and Shears, in their individual capacities.

## 2. Claims against Cabieles and Mueller

### i. Sexual Assault by Cabieles

Plaintiff alleges Cabieles sexually assaulted him by grabbing his buttocks and stating he wanted to have sex with Plaintiff. Plaintiff submitted a PREA complaint, and that complaint was denied. The PREA, 34 U.S.C. § 30301 *et seq*., is intended to address the problem of rape within prisons by withholding funding to the states if they "do not take basic steps to abate prison rape." 34 U.S.C. § 30301(13). However, the PREA does not create a private right of action that can be filed by an individual civil litigant. *Franks v. Neb. Dept. of Corr. Serv. of Tecumseh*, No. 22-cv-3233, 2024 WL 4335933, at *6 (D. Neb. Sept. 27, 2024); *East v. State of South Dakota*, No. 22-cv-4126, 2023 WL 1991424, at *5 (D.S.D. Feb. 14, 2023); *LeMasters v. Fabian*, No. 09-cv-702, 2009 WL 1405176, at *2 (D. Minn. May 18, 2009) (collecting cases).

To state a claim arising under federal law for prison sexual assault, Plaintiff must adequately allege that his Eighth Amendment rights were violated. There is no legitimate penological purpose for sexual abuse of inmates by prison guards, and the mere fact that the incident occurred may, under some circumstances, prove a sufficiently culpable state of mind to violate the Eighth Amendment. Moreover, severe or repetitive sexual abuse of an inmate by a prison officer can, objectively, be sufficiently serious to constitute an Eighth Amendment violation. *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997).

In the absence of physical contact or touching, verbal sexual harassment, while reprehensible, is nonetheless insufficient to establish an Eighth Amendment violation. *Howard v. Everett*, 208 F.3d 218 (8th Cir. 2000). And an isolated incident of two officers each briefly grabbing an inmate's buttocks while another worker holds his shoulders is not an Eighth Amendment violation where no sexual insinuations were stated, and the inmate was not afraid he will be sexually abused. *Berryhill v. Schriro*, 137 F.3d 1073 (8th Cir. 1998).

To allege an Eighth Amendment claim for sexual abuse, an inmate must allege facts showing the alleged sexual abuse objectively caused pain and, subjectively, the officer in question acted with a sufficiently culpable state of mind. *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997). Here, Plaintiff does not allege that the brief grabbing of his buttocks caused physical pain. He does not allege any physical injury arising from the incident, and when asked about his mental health on February 23, 2024, he denied having suicidal or homicidal thoughts or the need for mental health treatment or counseling. Filing No. 1 at 22. The single incident described by Plaintiff was not severe enough to be considered cruel and unusual punishment in violation of the Eighth Amendment. *See, e.g.*, *Boddie*, 105 F.3d at 861 (finding no Eighth Amendment

violation where a female guard allegedly squeezed a male inmate's hand, touched his penis, and made sexually suggestive comments, and on a separate occasion, told him to take off his sweatshirt and pinned him twice to a door with her body); *Johnson v. Ward*, No. 99-1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000) (holding that in the absence of any claim of physical pain, an inmate's claim that a prison guard groped his buttocks, told him there was sperm in his food, and made an offensive sexual remark to him did not violate the Eighth Amendment).

Plaintiff's sexual assault allegations do not state a § 1983 claim for violation of Plaintiff's Eighth Amendment rights.

### ii.    First Amendment Retaliation by Cabieles and Meuller

Plaintiff alleges that immediately after the alleged sexual assault occurred, he told Meuller about it, and he told Cabieles he was filing a PREA complaint. Plaintiff alleges that in response, a cascade of retaliatory conduct occurred. He claims that the day after he threatened to file a PREA complaint, Cabieles falsely stated he found something prohibited during a search of Plaintiff's person as Plaintiff left the laundry room. As a result, Meuller would not allow Plaintiff to work in the laundry, and Plaintiff cannot find any other prison employment. Then when his PREA complaint was later deemed baseless, Russell (the PREA investigator) allegedly made false statements regarding Plaintiff's response to the investigatory findings. Based on these false statements, a misconduct report was filed, Plaintiff was found guilty, and he received a 30-day telephone restriction as a sanction. And due to the 30-day phone restriction, Plaintiff was denied access to the courts and his counsel while he pursued an action to set aside his conviction and sentence.

To allege a § 1983 claim for retaliation in violation of the First Amendment, Plaintiff's complaint must state facts showing "(1) he engaged in

a protected activity, (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity." *Spencer v. Jackson Cnty. Mo.*, 738 F.3d 907, 911 (8th Cir. 2013) (quoting *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir.2004)). The First Amendment is violated when a state actor uses retaliatory conduct to discourage others from exercising their First Amendment rights. The retaliatory conduct itself need not also be unconstitutional. *Id*.

Filing a PREA complaint is a protected First Amendment activity. *Netterville v. S.D. State Penitentiary*, 22-cv-4149, 2023 WL 3649449, at *5 (D.S.D. May 25, 2023); *Lingford v. Klemp*, No. 20-1623, 2023 WL 1990913, at *3 (E.D. Mo., Feb. 14, 2023). And a reasonable jury could conclude that the loss of access to prison income and work opportunities would "chill a person of ordinary firmness from engaging in the First Amendment conduct." *Spencer v. Jackson Cnty. Mo.*, 738 F.3d 907, 908 (8th Cir. 2013) (internal quotation omitted). Finally, adverse action that occurs "hard on the heels of the protected activity . . . is significant evidence that what happened here was more than just coincidence." *Hudson v. Norris*, 227 F.3d 1047, 1051 (8th Cir. 2000).

Here, Plaintiff claims Cabieles lied about what he allegedly found on Plaintiff's person one day after Plaintiff stated he was filing a PREA complaint against Cabieles. Cabieles' allegations were never part of a misconduct charge which would have, in turn, required Cabieles to prove his allegations and afforded Plaintiff a hearing to defend himself. But the alleged lie was placed in Plaintiff's files, passed on to Meuller, and Plaintiff lost his prison job and cannot find another. These alleged facts support each element of a First Amendment retaliation claim against Cabieles.

Plaintiff also seeks recovery from Meuller for First Amendment retaliation. Plaintiff's complaint alleges that he immediately told Meuller of the alleged sexual assault by Cabieles. Meuller was also promptly notified of Cabieles' allegations against Plaintiff. And five days after the alleged sexual assault occurred, Meuller would no longer allow Plaintiff to work in the laundry, claiming his decision was based on Cabieles' allegations. But even liberally construed in favor of Plaintiff, the complaint states Plaintiff lost his job because of Cabieles' allegations, not because Plaintiff reported Cabieles sexually assaulted him. Plaintiff has not alleged facts showing Meuller knew or should have known Cabieles' allegations were untrue.

Plaintiff has not alleged facts showing a causal link between his statements and PREA complaint and his job dismissal. Plaintiff's First Amendment retaliation claim against Meuller must be dismissed.

### 3. Proposed Claim against Russell

Plaintiff asks the Court for leave to add Russell, the PREA investigator, as a defendant. Filing No. 12 at 2. The Court considers Filing No. 12 as Plaintiff's proposed complaint to add a claim against Russell.

Liberally construed, Plaintiff alleges he expressed dissatisfaction with the investigation of Plaintiff's PREA claim, and Russell responded by filing a false misconduct charge against him. Plaintiff alleges he was advised of the charges and asked if he wanted to participate in the hearing. He chose not to. The hearing was held, and Plaintiff was found guilty. Plaintiff's sanction was a 30-day restriction of phone privileges.

An inmate has no actionable claim of retaliation if a hearing officer finds the inmate guilty of the charged violations of prison regulations. *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994). After considering the evidence

13

presented, Plaintiff was found guilty. This finding "essentially checkmates" Plaintiff's proposed retaliation claim against Russell. *Id*.

Plaintiff further alleges that because of Russell's false misconduct charge, he was subject to a 30-day phone restriction and thereby denied access to counsel and the courts. Prisoners have a constitutional right of meaningful access to the courts, but they have no right to a particular means of access, including telephone use. *Beaulieu v. Ludeman*, 690 F.3d 1017, 1039 (8th Cir. 2012). Plaintiff has not alleged that his letters were not being sent or that his incoming mail was not being delivered, and he has not alleged that anything happened during the 30-day restriction that required a phone call. He cannot claim the 30-day phone restriction violated his First Amendment right of access to the courts.

Plaintiff's request to amend his complaint to add Russell as a defendant is denied because his allegations fail to state a claim for recovery under 42 U.S.C. § 1983.

### 4. Proposed Claim against Johnathan Locus and Corporal Roth

Plaintiff asks the court to add Johnathan Locus and Corporal Roth as defendants. The Court considers Filing No. 12 as Plaintiff's proposed complaint to add a claim against Locus and Roth.

The Plaintiff's submissions do not explain what these officers allegedly did and why they should be added to this lawsuit. In context. Plaintiff may be alleging that like Russell, Locus and Roth allegedly made false allegations or witness statements against him which resulted in the finding of guilt on a misconduct charge and the 30-day phone restriction sanction. *See* Filing No. 12 at 1. If that is what Plaintiff is alleging, the finding of guilt on the misconduct charge also "checkmates" Plaintiff's claim against Locus and Roth.

Plaintiff's request to amend his complaint to add Locus and Roth as defendants is denied because his allegations fail to state a claim for recovery under 42 U.S.C. § 1983.

### 5. Claims against Unnamed Defendants

For the following claims, Plaintiff has not named as defendants the parties allegedly responsible for the alleged acts.

### i.    Prolonged Placement in a Cold Holding Cell

Plaintiff alleges he was placed in a cold holding cell with insufficiently warm clothing in violation of his Eighth Amendment rights. A prisoner alleging an Eighth Amendment violation must satisfy both the objective and subjective elements of the claim. *Richardson v. Duncan*, 117 F.4th 1025, 1028 (8th Cir. 2024). Where a prisoner is claiming the conditions of prison confinement violated the Eighth Amendment, the complaint must allege facts to support a finding that the plaintiff was subjected to circumstances which, when viewed objectively, were serious enough to deprive the prisoner of the minimal necessities of a civilized life. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Conditions that "cannot be said to be cruel and unusual under contemporary standards are not unconstitutional." *Id*. As to the subjective element, the plaintiff must allege facts showing the defendants acted with deliberate indifference; that they knew of and disregarded an excessive risk to the inmate's health and safety. *Thomas-El v. Francis*, 99 F.4th 1115, 1117 (8th Cir. 2024).

Here, Plaintiff does not allege who placed him in the cold holding cell or who was responsible for leaving him there for four hours. He has not alleged any injuries arising from that incident. And exposure to 45-to-55-degree temperatures for four hours, while undoubtedly uncomfortable, is not serious enough to support a claim that Plaintiff was deprived of the necessities of a

civilized life. *See Seltzer-Bey v. Delo*, 66 F.3d 961, 963 (8th Cir. 1995) (finding no Eighth Amendment violation where the inmate was placed in a "strip cell" for two days without clothing, bedding, or running water, with a concrete floor, a concrete slab for a bed, and cold air blowing on him).

Plaintiff has not and cannot assert an Eighth Amendment claim based on exposure to cold temperatures with inadequate clothing for four hours.

### ii.    Loss of Employment

Plaintiff alleges he lost his prison job and cannot find another. "[T]he loss of a prison job, the compensation derived from that job, or the expectation of keeping a particular prison job does not implicate any property or liberty interest entitled to due process protection." *Dean v. Blum*, No. 06-cv-3016, 2007 WL 2264615, at *8 (D. Neb. Aug. 7, 2007). Moreover, Plaintiff has not named the specific people who allegedly refused to employ him.

Independent of his First Amendment retaliation claim, Plaintiff's lack of employment does not raise a constitutional claim.

### iii.    Theft of Case Evidence and Unsent Emails

Plaintiff claims his First Amendment rights were violated when the evidence he compiled for this case was stolen during a cell search, and when the prison failed to send his emails which discuss this case or the prison. Plaintiff has not named as defendants the officers who conducted the cell search or refused to send his emails. These claims must therefore be dismissed without prejudice.

## IV. OTHER PENDING MOTIONS

On May 12, 2025, Plaintiff filed correspondence requesting the status of his case, which the Court construes as a motion. Filing No. 13. To the extent Plaintiff seeks the status of his case, the motion is granted and this Memorandum and Order serves to advise Plaintiff of the status of this matter.

16

Plaintiff also filed a request seeking the appointment of counsel for any hearing or trial in this case. Filing No. 14. "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

The Court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time. This is a relatively straightforward retaliation case, for which there is ample legal authority. The facts are also uncomplicated and should be readily discoverable. Plaintiff has demonstrated an ability to present his claims, at least through the initial stage of the litigation. Plaintiff's pro se filings are generally well-written, and he has complied with the Court's directives. Although this case ultimately may turn on resolving the dispute between Plaintiff's version of events and the defendant's version of events, as well as a credibility assessment of witnesses if the case proceeds to trial, it has not yet progressed to that stage. As a prisoner, Plaintiff understandably faces challenges representing himself, but "most indigent prisoners will face similar challenges." *See Recca*, 859 F. App'x at 5 (citing *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018)). Having considered the factors outlined above, the request for the appointment of counsel will be denied without prejudice to reassertion.

17

The Court is, however, aware that this situation may change as litigation progresses. As the Eighth Circuit Court of Appeals instructs, the Court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

## IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Plaintiff's complaint against Michael Meuller, Rob Jeffreys, Diane Sabatka-Rine, Boyd Tagart, and Cathy Shears, in their official and individual capacities, and against Sgt. Cabieles, in his official capacity, must be dismissed. Plaintiff's complaint adequately states a First Amendment retaliation claim against Sgt. Cabieles, in his individual capacity.

Accordingly,

IT IS ORDERED

1. Only Plaintiff's First Amendment retaliation claim against Sgt. Cabieles, in his individual capacity, may proceed.

2. Plaintiff's claims against Michael Meuller, Rob Jeffreys, Diane Sabatka-Rine, Boyd Tagart, and Cathy Shears, in their official and individual capacities, and against Sgt. Cabieles, in his official capacity, are dismissed.

3. Plaintiff's request to add Joshua Russell, Johnathan Locus, and Corporal Roth as defendants, as included in Filing No. 12, is denied. However, as to the named defendants, the content of Filing No. 12 was considered in conducting this initial review.

18

4. Plaintiff's motion for a status report, Filing No. 13, is granted, and this order serves to advise Plaintiff of the status of his case.

5. Plaintiff's request for appointment of counsel, as included in Filing No. 14, is denied without prejudice to reassertion at a later time. However, the content of Filing No. 14 was considered in conducting this initial review.

6. The Clerk of Court is directed to terminate Michael Meuller, Rob Jefferies, Diane Sabatka-Rine, Boyd Tagart, and Cathy Shears as defendants in this case. The Clerk of Court is further directed to update the caption to reflect that "Sgt. Cabieles, in his individual capacity," is the sole defendant.

7. For service of process on Sgt. Cabieles, in his individual capacity, the Clerk of Court is directed to complete two sets of summons and USM-285 forms for Sgt. Cabieles. The service address for the first set of forms is:

> Office of the Nebraska Attorney General
> 2115 State Capitol
> Lincoln, NE 68509.

The service address for the second set of forms is:

> Reception and Treatment Center
> 3218 W Van Dorn St.
> PO Box 22800
> Lincoln, NE 68542-2800.

8. The Clerk of the Court shall forward the summons forms and USM-285 forms together with copies of the Complaint, Filing No. 1, its supplements, Filing Nos. 9, 12, and 14, and this Memorandum and Order to the United States Marshals Service.

9. The Marshals Service shall serve Sgt. Cabieles in his individual capacity by "leaving the summons at the office of the Attorney General with the Attorney General, deputy attorney general, or someone designated in writing by the Attorney General, or by certified mail or designated delivery

19

service addressed to the office of the Attorney General." Neb. Rev. Stat. § 25-510.02(1) (prescribed method for serving the State of Nebraska or any state agency); *see also* Federal Rule of Civil Procedure 4(j)(2); Neb. Rev. Stat. § 25-511 ("Any employee of the state, as defined in section 81-8,210, sued in an individual capacity for an act or omission occurring in connection with duties performed on the state's behalf, regardless of whether the employee is also sued in an official capacity, must be served by serving the employee under section 25-508.01 and also by serving the state under section 25-510.02.").

10. The Marshals Service shall serve Sgt. Cabieles in his individual capacity by certified mail or other authorized method of service at the Reception and Treatment Center address shown above. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (prescribed method for serving an individual).

11. For service by certified mail or designated delivery service, the Marshals Service shall serve Defendants within ten days of the Clerk of the Court issuing and forwarding the summons to the Marshals Service. *See* Neb. Rev. Stat. § 25-505.01(1).

12. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.[4]

---

[4] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 F. App'x 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

13. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process on Sgt. Cabieles.

14. Plaintiff is hereby notified that failure to obtain service of process on Sgt. Cabieles within 90 days of the date of this order may result in dismissal of this matter without further notice. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

15. The Clerk of Court is directed to set a pro se case management deadline in this case using the following text: **November 24, 2025**: service of process to be completed.

16. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 26th day of August, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

21