IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID CARL PHELPS, <br><br> Plaintiff, <br><br> vs. <br><br> SGT. CABIELES, in his individual capacity; <br><br> Defendant. | 8:24CV188 <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff David Carl Phelps's Renewed Motion to Appoint Counsel, Filing No. 22. As noted in its previous Memorandum and Order, "[t]here is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)). Although this case has progressed to the discovery phase, there has been no material change in circumstances since Plaintiff's last request was denied on August 26, 2025. Accordingly, having considered the relevant factors and for the reasons stated in its previous Memorandum and Order, Filing No. 15 at 17, Plaintiff's request for appointment of counsel is denied without prejudice to reassertion.

Plaintiff's Motion also includes a request for guidance on how to comply with the Court's Progression Order, Filing No. 21. Specifically, Plaintiff

requests directions on how to follow Paragraph 8 of the Progression Order, which states:

> 8. As with defense counsel, the plaintiff is reminded to follow the Federal Rules of Civil Procedure and this court's Local Rules.
>
>    a. Court resources for parties proceeding without an attorney can be found on the Nebraska federal court's website.
>
>    b. Standard forms for case and trial preparation, including subpoena forms, are posted on the Nebraska federal court's website.

Filing No. 21 at 3. Plaintiff states that the Nebraska Department of Correctional Services ("NDCS") "refuses or is unable to assist me in obtaining the information needed from your website to fulfill this order." Filing No. 22 at 1. However, Paragraph 8a and 8b do not order Plaintiff to do anything so there is no order to fulfill. To the extent Plaintiff needs a specific form or other resources from the Court's website, Plaintiff does not provide sufficient information about his need for the materials referenced in Paragraph 8 or why he is unable to access the materials. Accordingly, the Court is unable to grant Plaintiff's request. However, if Plaintiff needs a paper copy of the Court's local rules, he may request a copy from the Clerk of the Court. *See* NEGenR 1.1(e).

IT IS THEREFORE ORDERED that Plaintiff's Motion to Appoint Counsel, Filing No. 22, is denied without prejudice.

Dated this 22nd day of January, 2026.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Senior United States District Judge